UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINA BOSLEY and SHAWN COOK SR., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ATALCO GRAMERCY LLC (f/k/a GRAMERCY HOLDINGS I, LLC),<br><br>*Defendant* | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Defendant Atalco Gramercy LLC ("Atalco Gramercy"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes to this Court case number 42468 currently pending in the 23rd Judicial District Court for the Parish of St. James, Louisiana. Atalco Gramercy's grounds for removal are as follows:

### I.   THE STATE COURT ACTION

1.

On September 25, 2024, Plaintiffs Vina Bosley and Shawn Cook Sr. filed a Class Action Complaint for Damages in the 23rd Judicial District Court for the Parish of St. James, Louisiana (the "Complaint"). The Complaint initiated a putative class action captioned *Vina Bosley and Shawn Cook Sr. v. Atalco Gramercy LLC*, Case No. 42468, Division E (the "State Court Action"). A copy of the Complaint is attached as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.

In the Complaint, Plaintiffs assert claims for nuisance, negligence, and trespass against Atalco Gramercy on behalf of themselves and a putative class of similarly situated individuals.

1

3.

The State Court Action relates to Atalco Gramercy's "ownership and operation of its alumina refinery facility located at 1111 E. Airline Hwy, Gramercy, St. James Parish, Louisiana 70052" (the "Facility"). Ex. A, ¶ 1. Plaintiffs contend that Atalco Gramercy's "construction, operation, and maintenance" of the Facility "wrongfully emits substantial and unreasonable dust and/or air particulates that physically invade the Plaintiffs' and putative Class's properties." *Id.* ¶ 2.

4.

Plaintiffs bring the State Court Action "individually and on behalf of all persons that the Court may determine appropriate for class certification," which Plaintiffs "preliminarily define[] as . . . All owners/occupants and renters of residential property residing within two (2) miles of the Facility property boundary since September 25, 2023." *Id.* ¶ 34.

5.

Plaintiffs seek (a) certification of their proposed class, (b) designation of the Plaintiffs as class representatives and Plaintiffs' counsel as class counsel, (c) judgments against Atalco Gramercy for nuisance, negligence, and trespass, (d) actual and compensatory damages, including pre- and post-judgment interest, and (e) such further relief as the court deems just and proper. *Id.*, Prayer for Relief, at 12–13.

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6.

This Court has original subject-matter jurisdiction over the State Court Action under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453, 1711–15, as (1) the State Court Action involves 100 or more putative class members, (2) Atalco Gramercy is diverse from

both named Plaintiffs (not to mention the vast majority of putative class members), and (3) the amount in controversy exceeds $5,000,000 excluding interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (5), (6).

7.

The State Court Action may accordingly be removed to this Court under 28 U.S.C. § 1441(a).

**A. The Putative Class Exceeds 100 Members.**

8.

CAFA jurisdiction is proper where, among other things, "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." *See* 28 U.S.C. § 1332(d)(5)(B).

9.

The Complaint "preliminarily define[s]" the Plaintiffs' proposed class as "All owner/occupants and renters of residential property residing within two (2) miles of the Facility property boundary since September 25, 2003." Ex. A, ¶ 34.

10.

As the Complaint acknowledges, and as the aerial image below confirms, "[t]here are hundreds of separate residences within the Class Area." *Id.* ¶ 36.



3

11.

The vast majority of the "hundreds of separate residences within the Class Area" are occupied by unique "owner/occupants" and/or "renters." *See id.* ¶ 34.

12.

Moreover, the Facility is located in Gramercy, Louisiana. *See, e.g., id.*, ¶ 1. As of 2020, Gramercy's population was estimated to be 3188.[1] Gramercy's city limits comprise a total land area of 2.01 square miles.[2] As a result, it is clear that well more than 100 potential class members occupy residences within two miles of the Facility.

**B. The Amount in Controversy Plausibly Exceeds the Statutory Minimum.**

13.

CAFA also requires that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6).

14.

A removing "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where, as here, the amount in controversy is not apparent on the face of the complaint, "deduction, inference, or other extrapolation" is permitted. *See, e.g.*, *Potter v. Deland Country Club, Inc.*, 2011 WL 13299567, at *4 (M.D. Fla. Sept. 8, 2011).

---

[1] *See* City and Town Population Totals: 2010-2020, U.S. CENSUS BUREAU, https://www.census.gov/programs-surveys/popest/technical-documentation/research/evaluation-estimates/2020-evaluation-estimates/2010s-cities-and-towns-total.html.
[2] *See* https://www2.census.gov/geo/docs/maps-data/data/gazetteer/2020_Gazetteer/2020_gaz_place_22.txt.

4

15.

Here, the State Court Action plausibly puts more than $5,000,000 in controversy.

16.

As shown above, the putative class includes at least hundreds—and potentially *thousands*—of plaintiffs who have asserted individual claims for nuisance, negligence, and trespass.

17.

Specifically, the Complaint alleges that each such plaintiff's personal residence has been subject to a prolonged "inva[sion]" of "fugitive dust" that Atalco Gramercy's Facility negligently emits into the ambient air. *E.g.*, Ex. A, ¶¶ 17, 18. Plaintiffs allege that that dust is a byproduct of a "rust-colored ore" that "is laced with a variety of natural minerals, including *radioactive elements* and heavy metals like *mercury*." *Id.* ¶ 13 (emphasis added).

18.

Therefore, even when estimating the potential class size and damages awards conservatively, it is plausible that the aggregate amount in controversy exceeds $5,000,000. For example, if the class were to include just 1000 members (in a town of 3000+), and those members were to receive damages awards of just $5000 each, CAFA's jurisdictional threshold would be met.

**C. The Parties Are Minimally Diverse.**

19.

Unlike traditional diversity jurisdiction, CAFA requires only minimal—as opposed to total—diversity of citizenship. *See* 28 U.S.C. § 1332(d)(2)(A)–(C). In other words, if just one class member is diverse from just one defendant, CAFA's diversity requirement is met.

20.

Here, the named Plaintiffs in the State Court Action are individual owners of residential properties in Gramercy, Louisiana. Ex. A, ¶¶ 3, 4. Therefore, the named Plaintiffs are Louisiana citizens for jurisdictional purposes.

21.

For purposes of CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

22.

As a limited liability company, Atalco Gramercy is an unincorporated association for purposes of § 1332(d)(10). *See Cedar Lodge Plantation, LLC v. CSHV Fairway View I, LLC*, 768 F.3d 425, 426 n.2 (5th Cir. 2014).

23.

Atalco Gramercy is a Delaware limited liability company that maintains its principal place of business and corporate offices at 3 St James's Square 8th Floor London, SW1Y 4JU United Kingdom.

24.

A company's principal place of business is "the place where [its] officers direct, control, and coordinate [its] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The direction and control of Atalco Gramercy occurs at it corporate offices in London.

25.

Indeed, Atalco Gramercy's operating agreement dated November 2, 2021 vests all managerial authority in the following five "Officers."

| | |
|---|---|
| Mark Hansen: | Chief Executive Officer |
| Andreas Schmitz: | Chief Operating Officer |
| Andrew Reid: | General Counsel |
| Matthew Jenkinson: | Chief Financial Officer |
| John Habisreitinger: | President |

26.

Four of Atalco Gramercy's five Officers—Messeurs Hansen **(CEO)**, Schmitz **(COO)**, Reid **(GC)**, and Jenkinson **(CFO)**—direct, control, and coordinate the company's activities from the companies' offices in London, England.

27.

Therefore, Atalco Gramercy is a citizen of Delaware and England for jurisdictional purposes and is diverse from both named Plaintiffs and a majority of putative class members (given that such plaintiffs are the owners and/or occupants of personal residences in Louisiana).

### III.     REMOVAL TO THIS COURT IS TIMELY AND PROCEDURALLY PROPER

28.

This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Atalco Gramercy is filing it within 30 days of its receipt of the Complaint.

29.

Venue is proper in this judicial district under 28 U.S.C. § 1441(a) because it embraces the state court in which the State Court Action is pending.

30.

Atalco Gramercy has notified Plaintiffs of this removal by delivering this notice and a state-court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record.  That Notice, which also notifies the state court's Clerk of Court, is attached as **Exhibit B**.

31.

Accordingly, all procedural requirements have been satisfied.

## IV.    COMPLIANCE WITH LOCAL RULE 3.2

32.

In compliance with Local Rule 3.2, Atalco Gramercy is filing the following with this Notice of Removal:

1. A list of all parties remaining in this action;
2. Copies of all pleadings filed in the State Court Action (attached as **Exhibit C**); and
3. A copy of the return of service of process filed in state court on Atalco Gramercy (attached as **Exhibit D**).

**WHEREFORE**, Defendant Atalco Gramercy LLC prays that the State Court Action be removed to this Honorable Court for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

_____
Brent Hicks (#23778)
Riley T. Svikhart (#40647)
II Rivermark Centre
450 Laurel Street, 21st Floor
Baton Rouge, LA 70801
Telephone: (225) 381-7000
Facsimile: (225) 343-3612
Email: bhicks@bakerdonelson.com
Email: rsvikhart@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT ATALCO GRAMERCY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by email on the following counsel of record on October 24, 2024.

Scott R. Bickford, Esq.
Lawrence J. Centola, Esq.
Neil F. Nazareth, Esq.
Jason Z. Landry, Esq.
Spencer R. Doody, Esq.
MARTZELL, BICKFORD, & CENTOLA
338 Lafayette Street
New Orleans, LA 70130

_____
Riley T. Svikhart