UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINA BOSLEY and SHAWN COOK SR., individually and on behalf of all others similarly situated** | **CIVIL ACTION NO.: 24-2540** |
| v. | **JUDGE JANE TRICHE MILAZZO** |
| **ATALCO GRAMERCY LLC (f/k/a GRAMERCY HOLDINGS I, LLC)** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

**ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Atalco Gramercy LLC ("Atalco" or "Defendant"), and answers the like-numbered allegations in Plaintiffs' Class Action Complaint for Damages (the "Complaint") as follows.

**GENERAL DENIAL**

Atalco denies all allegations in the Complaint except as specifically admitted herein. Atalco denies the preamble to the Complaint and all section titles and organizational headings to which no response is required. To the extent that any such aspects of the Complaint contain factual allegations that require a response, Atalco denies them. Except as otherwise defined, capitalized terms in Atalco's answer shall refer to the capitalized terms defined in the Complaint, but such use is not an acknowledgment or admission of any characterization Plaintiffs may ascribe to such terms.

**ANSWER**

1.  Paragraph 1 of the Complaint is a characterization of the Complaint to which no response is required. To the extent a response is required, Defendant admits that it currently owns and operates the defined Facility and denies the remaining allegations in Paragraph 1.

1

2. The allegations in Paragraph 2 of the Complaint are denied. Further answering, Defendant specifically denies any involvement in the construction, operation, and maintenance of the Facility prior to its purchase of the Facility.

3. The allegations in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

4. The allegations in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

5. It is admitted that Defendant in this action Atalco Gramercy, LLC is a Delaware limited liability company authorized to do business in the State of Louisiana with its principal place of business in London, England, and that Defendant currently owns and operates the Facility. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. It is admitted that Defendant does business within the State of Louisiana. The remainder of Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent further response is required or not expressly admitted, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court and denies the remaining allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint and

specifically denies that Plaintiffs have sustained any damages whatsoever.

10.     The allegations in Paragraph 10 of the Complaint are denied. Further answering, Defendant specifically denies any involvement in the construction of the Facility.

11.     It is admitted that Defendant currently owns and operates the Facility located in the vicinity of the Mississippi River and certain residential properties. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

13.     It is admitted that Defendant operates a bauxite refinery that produces alumina at the Facility and that Defendant receives raw material from its bauxite mine in Jamaica. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     It is admitted that Defendant utilizes the Bayer process when refining bauxite into alumina at its Facility. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15.     It is admitted that part of Defendant's current refining process includes:

   (a) unloading bauxite transported by ship on the Mississippi River to a conveyor belt;

   (b) using a Bradford Breaker to separate limestone from bauxite;

   (c) transferring bauxite into a digestion tank to be mixed with liquor;

   (d) separating red mud from the liquor mixture; and

   (e) introducing seed hydrate to red mud to stimulate precipitation of alumina.

Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 15 of the Complaint, and all subparts thereto. It is specifically denied that Paragraph 15 of the Complaint contains a complete description of Defendant's current refining process, and it is further denied

for lack of sufficient information that Paragraph 15 of the Complaint generally described the refining process prior to Defendant's purchase of the Facility.

16. It is admitted that the bauxite refining process can generate dust and that Defendant has on a limited number of occasions received and responded to concerns from members of the community. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. It is admitted that some refineries are required to implement technologies designed to mitigate fugitive dust emissions in accordance with permit requirements. The remaining allegations of Paragraph 18 of the Complaint are denied .

19. It is admitted that Defendant is required to operate the Facility in accordance with air permits issued by the Louisiana Department of Environmental Quality. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. The allegations in Paragraph 21 of the Complaint, including the allegations contained in subparts (a) through (f) of Paragraph 21 of the Complaint, are denied.

22. The allegations in Paragraph 22 of the Complaint are denied.

23. Defendant admits that it has, on a limited number of occasions, received and responded to concerns from residents in the surrounding area. Except as expressly admitted, the remaining allegations in Paragraph 23 of the Complaint are denied.

24. The allegations in Paragraph 24 of the Complaint are denied.

25. The allegations in Paragraph 25 of the Complaint, including the allegations contained in subparts (a) through (b) of Paragraph 25 of the Complaint, are denied for lack of sufficient

information to justify a belief as to the truth of such allegations.

26.     The allegations in Paragraph 26 of the Complaint, including the allegations contained in subparts (a) through (e) of Paragraph 26 of the Complaint, are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

27.     Defendant specifically denies the existence of a "well-documented pattern of failing to control the Facility's emissions." The remaining allegations in Paragraph 27 of the Complaint, including subparts (a) through (e) of Paragraph 27 of the Complaint, appear to be based on unnamed documents that speak for themselves. To the extent the allegations are not consistent with the unnamed documents or are specifically denied, the remaining allegations of Paragraph 27 of the Complaint, including subparts (a) through (e) of Paragraph 27 of the Complaint, are denied for lack of sufficient information to justify a belief as to the truth of such allegations. Further answering, it is denied that all of the allegations in Paragraph 27 of the Complaint pertain to Defendant's operation of the Facility.

28.     The allegations in the second Paragraph 25 of the Complaint are denied.

29.     The allegations in the second Paragraph 26 of the Complaint are denied.

30.     The allegations in the second Paragraph 27 of the Complaint are denied.

31.     The allegations in Paragraph 28 of the Complaint are denied.[1]

32.     The allegations in Paragraph 29 of the Complaint are denied.

33.     The allegations in Paragraph 30 of the Complaint are denied. Defendant further states that no such class is certifiable or otherwise cognizable.

34.     The allegations in Paragraph 31 of the Complaint are denied.

---

[1] The following responses correspond to the Complaint's misnumbered allegations.

35. The allegations in Paragraph 32 of the Complaint are denied.

36. The allegations in Paragraph 33 of the Complaint are denied.

37. Paragraph 34 of the Complaint is a characterization of the Complaint to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs seek to define a class of litigants as such but deny that such class is certifiable or otherwise cognizable.

38. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

39. In response to Paragraph 36 of the Complaint, it is admitted that there are numerous residences within Plaintiffs' purported Class Area but denied that the joinder of all such parties is impracticable. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

40. The allegations in Paragraph 37 of the Complaint are denied.

41. The allegations in Paragraph 38 of the Complaint are denied.

42. The allegations in Paragraph 39 of the Complaint are denied

43. The allegations in Paragraph 40 of the Complaint are denied.

44. The allegations in Paragraph 41 of the Complaint are denied.

45. The allegations in Paragraph 42 of the Complaint are denied.

46. The allegations in Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

47. The allegations in Paragraph 44 of the Complaint are denied.

48. In response to the allegations in Paragraph 45 of the Complaint, Defendant repeats and incorporates by reference its responses to all previous paragraphs as if fully restated herein.

49. The allegations in Paragraph 46 of the Complaint are denied.

50. The allegations in Paragraph 47 of the Complaint are denied.

51. The allegations in Paragraph 48 of the Complaint are denied.

52. The allegations in Paragraph 49 of the Complaint are denied.

53. The allegations in Paragraph 50 of the Complaint are denied.

54. The allegations in Paragraph 51 of the Complaint are denied.

55. The allegations in Paragraph 52 of the Complaint are denied.

56. The allegations in Paragraph 53 of the Complaint are denied.

57. The allegations in Paragraph 54 of the Complaint are denied.

58. The allegations in Paragraph 55 of the Complaint are denied.

59. The allegations in Paragraph 56 of the Complaint are denied.

60. In response to the allegations in Paragraph 57 of the Complaint, Defendant repeats and incorporates by reference its responses to all previous paragraphs as if fully restated herein.

61. The allegations in Paragraph 58 of the Complaint are denied.

62. The allegations in Paragraph 59 of the Complaint are denied.

63. In response to the allegations in Paragraph 60 of the Complaint, it is admitted that fugitive dust emissions from Defendant's Facility are mitigated through the use of certain control technologies in accordance with applicable permit requirements. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

64. The allegations in Paragraph 61 of the Complaint are denied.

65. In response to the allegations in Paragraph 62 of the Complaint, it is admitted that technologies exist to mitigate dust. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

66. Paragraph 63 of the Complaint states a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 63 of the Complaint.

67.  Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

68.  Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65 of the Complaint.

69.  Paragraph 66 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of the Complaint.

70.  Paragraph 67 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.

71.  In response to the allegations in Paragraph 68 of the Complaint, Defendant repeats and incorporates by reference its responses to all previous paragraphs as if fully restated herein.

72.  The allegations in Paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of such allegations.

73.  The allegations in Paragraph 70 of the Complaint are denied.

74.  Paragraph 71 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71 of the Complaint and specifically denies that such alleged "invasions" are an ongoing occurrence.

75.  Paragraph 72 of the Complaint states a legal conclusion to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 72 of the Complaint, including subparts (a) through (e) of Paragraph 72 of the Complaint.

76. The allegations in Paragraph 73 of the Complaint are denied.

77. Paragraph 74 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

78. Paragraph 75 of the Complaint is a characterization of the Complaint to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs assert a jury demand. Except as expressly admitted, Defendant denies the remaining allegation in Paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Defendant as to any element of Plaintiffs' claims, and without waiving and expressly reserving the right to assert or withdraw any and all defenses at such time and to such extent as discovery and factual developments may later warrant, Defendant asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

## THIRD DEFENSE

Defendant is in compliance with all applicable state and federal statutes, rules, and regulations.

## FOURTH DEFENSE

Plaintiffs' claims are barred or preempted, in whole or in part, by applicable state and federal statutes, rules, regulations, permits, and authorizations.

## FIFTH DEFENSE

Defendant denies that it owes any legal duty to Plaintiffs, or alternatively, that it breached any legal duty which may have been owed to Plaintiffs.

## SIXTH DEFENSE

Any injury, loss, or damage sustained by Plaintiffs was caused or contributed to by Plaintiffs' own contributory negligence, assumption of risk, and/or failure to mitigate damages.

## SEVENTH DEFENSE

To the extent Plaintiffs allege that Defendant failed to install appropriate pollution control facilities, such facilities were not practically, economically, or technically feasible at that time or were otherwise subject to a regulatory exemption.  To the extent such facilities were installed, they were used and diligently maintained in proper working order.

## EIGHTH DEFENSE

Plaintiffs have suffered no losses or injuries that were either proximately caused or caused in fact by Defendant.

## NINTH DEFENSE

At all times, Defendant acted with due care and took reasonable precautions against foreseeable acts and omissions.  Mitigating measures were implemented to reduce or control fugitive dust.

## TENTH DEFENSE

Any alleged injury, damage, or loss sustained by Plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

## ELEVENTH DEFENSE

Some or all of the injuries or damages allegedly suffered by Plaintiffs were the product of conduct for which Defendant cannot have liability to Plaintiffs, since the conduct is being or was lawfully undertaken by Defendant in the exercise of its rights as an owner of immovable (real) property.

## TWELFTH DEFENSE

Any conditions complained of by Plaintiffs preexisted any of the allegations against Defendant, and, therefore, such condition bars any recovery in whole or in part.

## THIRTEENTH DEFENSE

To the extent Plaintiffs have suffered harm, such harm does not surpass the level of inconvenience from Defendant's use of its property rights that Plaintiffs are required to tolerate by law.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint is unnecessarily vague and ambiguous in specifying the extent of injury or damages alleged.

## FIFTEENTH DEFENSE

Defendant is not in violation of the terms of any permit or any law.

## SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable prescriptive period(s).

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to recover damages from Defendant for the alleged diminution in value of their immovable (real) property because their immovable (real) property has not suffered permanent physical damage proximately caused by the alleged acts or omissions of Defendant.

**EIGHTEENTH DEFENSE**

Pending the completion of discovery, Defendant states that any damages allegedly sustained by Plaintiffs were the result of intervening or superseding events, factors, occurrences, or conditions which were not caused by Defendant and for which Defendant is not liable.

**NINETEENTH DEFENSE**

Defendant affirmatively pleads comparative fault and avers that the acts and omissions of others for whom Defendant had no responsibility or liability are the sole or contributing causes of Plaintiffs' alleged damages.

**TWENTIETH DEFENSE**

The damages sustained by Plaintiffs, if any, can be attributed to several causes, and accordingly, the harm, if any, should be apportioned among such various causes according to the respective contribution of each such cause.

**TWENTY-FIRST DEFENSE**

Defendant denies any responsibility for events or alleged damages occurring prior to its purchase and operation of the Facility.

**TWENTY-SECOND DEFENSE**

Defendant reserves the right to amend its Answer and/or to assert additional defenses as discovery progresses.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

/s/ *Brent Hicks*
Brent Hicks (#23778)
Riley T. Svikhart (#40647)
II Rivermark Centre
450 Laurel Street, 21st Floor
Baton Rouge, LA 70801
Telephone: (225) 381-7000
Facsimile: (225) 343-3612
Email:  bhicks@bakerdonelson.com
Email:  rsvikhart@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT
ATALCO GRAMERCY LLC**