UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINA BOSLEY AND SHAWN COOK, SR.　　　　CIVIL ACTION
*Individually and on behalf of all others similarly situated*

VERSUS　　　　　　　　　　　　　　　　　　NO. 24-2540

ATALCO GRAMERCY, LLC　　　　　　　　　SECTION: "H"(3)

BRIEFING SCHEDULING ORDER

A Scheduling Conference was held on May 8, 2025.

Participating were:
Laura L. Sheets & Dustin R. Solt, for plaintiffs
Michael B. Hicks & Riley Svikhart, for defendant

Issue is joined as to all parties. Jurisdiction and venue are established.

A Scheduling Conference was held in this matter to establish class certification discovery and briefing deadlines. Prior to this conference, a Rule 26(f) was held by the parties on May 6, 2025, and the following dates and deadlines were agreed upon, provided to and discussed with the Case Manager, and then approved by the Court as set forth herein. This matter will be set for a Jury Trial lasting approximately 3 weeks.

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be exchanged no later than **MAY 30, 2025.**

Corporate Disclosure Statements pursuant to Rule 7.1 must be filed no later than **MAY 30, 2025.**

Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than **JUNE 20, 2025,** in accordance with Local

Rule 7.6. Plaintiff may seek leave to add additional plaintiffs if the Court denies class certification, as Plaintiff believes that the purpose of the proposal to conduct this action as a class action is to allow for a representative action that would render joinder, consolidation, and/or intervention of numerous putative class members unnecessary. Defendant reserves the right to oppose a motion to add plaintiffs.

Discovery will be necessary concerning class certification issues, such as those contemplated by Fed.R.Civ.P. 23, and upon the Court's grant or denial of Plaintiffs' Motion for Class Certification, or the substantive claims and defenses at issue in this action. Because this case involves class allegations, the Parties have agreed, subject to Court approval, to bifurcate discovery into a class discovery phase, during which discovery will be limited to issues relevant to class certification and exchange of expert reports relating to class issues. Following the first phase of class discovery, Plaintiffs will file their Motion for Class Certification.

The scope of discovery outline above may be modified based on information disclosed during discovery, including the issues presented relevant to class certification or required by the Parties' experts in forming their opinions. The Parties generally agree that discovery requests will be limited in time consistent with the issues relevant to class certification, considering factors such as discovery schedule, burden, relevance, and proportionality.

After the Court has issued a ruling on Plaintiff's Motion for Class Certification, the Parties will meet and confer to propose a new schedule and discovery plan for the merits phase of the litigation.

The parties agree that each side will take a maximum of 5 depositions (including experts) during the class certification phase of discovery. The parties will otherwise adhere to the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

| Deadline | Date |
|---|---|
| Deadline for completing all fact discovery on class certification issues. | September 26, 2025 |
| Plaintiffs' deadline for disclosing class-related expert(s) and CVs. | September 1, 2025 |
| Defendant's deadline for disclosing class-related expert(s) and CVs. | September 30, 2025 |
| Plaintiffs' deadline for providing all required expert disclosures and producing expert report(s). | October 17, 2025 |
| Defendant's deadline for providing all required expert disclosures and producing expert report(s). | November 21, 2025 |
| Plaintiffs' deadline to move for class certification. | February 27, 2026 |
| Defendant's deadline to file opposition to motion for class certification. | March 31, 2026 |
| Plaintiffs' deadline to file reply to Defendant's opposition to class certification | April 21, 2026 |
| Post-Class Certification Discovery Conference, to be scheduled by the Court upon a ruling on class certification. | TBD |
| Within 14 days of the Court's Order on class certification, the Parties will meet and confer regarding a schedule moving forward, including addressing any potential Rule 23(f) appeal. | TBD |

The Parties anticipate that discovery will involve a limited amount of electronically stored information ("ESI") during the class certification phase of the litigation.

To further the application of the proportionality standard in discovery, all discovery conducted in this case, including requests for production of ESI and related responses, should be reasonably targeted, clear, and as specific as possible. If necessary, the Parties may meet and confer on search terms to reduce the burden of searching for and locating documents responsive to requests for production of documents.

The Parties will meet and confer to establish an ESI protocol.

Given that this case involves class allegations and the Parties propose to bifurcate discovery, they agree that a status conference following the Court's decision on class certification would be appropriate.

The Parties do not believe that it is necessary for any orders to be entered pursuant to Fed.R.Civ.P. 16(b) other than the dates set forth herein. The Parties believe a Rule 26(c) Order is necessary to protect private or confidential information and, if an agreement can be made, file a proposed protective order with the Court.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry.

Counsel shall deliver a hard copy of any pleadings along with any exhibits and attachments that together exceed 50 pages in total length to chambers at 500 Poydras Street, Room C-206 for the Court's use. This copy must be forwarded at the time of CM/ECF filing. <u>This copy must be in a three-ring binder, tabbed and reflect pagination and document numbers consistent with the electronic document</u>

stamping of CM/ECF.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause.

        **JANE TRICHE MILAZZO**
        **UNITED STATES DISTRICT JUDGE**

        **Issued for the Court:**

        **By: s/Sherry Adams**
            **Case Manager**
            **504-589-7707**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINA BOSLEY AND SHAWN COOK, SR. *Individually and on behalf of all others similarly situated* | CIVIL ACTION |
| VERSUS | NO. 24-2540 |
| ATALCO GRAMERCY, LLC | SEC. "H"(3) |

## **ADDENDUM TO SCHEDULING ORDER**

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise statement of material facts as to which there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.